950 F.2d 730
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roger J. MARCHAND, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 91-3303.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1991.
Rehearing Denied Dec. 12, 1991.
 
 Before PAULINE NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Roger J. Marchand (Marchand) appeals from the March 14, 1991 decision of the Merit Systems Protection Board (Board) dismissing his petition for enforcement in Docket No. NY075288C9061 of a settlement agreement he entered into with the Department of Justice (Department) on September 7, 1989. We affirm.
 
 OPINION
 
 2
 Marchand's settlement agreement provided that the Department would cancel his previous removal and reinstate him at the Drug Enforcement Agency in the position of Criminal Investigator (Special Agent), GS-1811-13. Before doing so, however, the Department and Marchand agreed that he would produce medical evidence that he is able to perform the duties of the position to which reinstatement was agreed. Such evidence was required because of an on-duty knee injury previously sustained by Marchand, for which he received Department of Labor, Office of Workers' Compensation Program (OWCP) benefits.
 
 
 3
 The medical evidence submitted by Marchand in fact demonstrated that he was unqualified to perform the tasks of his position. The Department then advised Marchand that, in the light of his disqualification, he could apply for a disability retirement or resign. Marchand then petitioned the Board for enforcement of the settlement agreement. He asserted that the Department's failure to return him to active duty in his previous position either breached the settlement agreement or constituted an impermissible constructive suspension.
 
 
 4
 Those assertions were correctly rejected by the Board because Marchand failed to (a) produce the required medical evidence and (b) prove a constructive suspension since he had not been placed on enforced leave.
 
 
 5
 We may set aside the Board's decision only if we conclude that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). No such error can be found in the Board's dismissal of Marchand's petition.